STILLMAN G. SYMONDS *vs.* PATRICK J. RILEY.

Essex. January 10, 1905. — June 22, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Bills and Notes.*

A check indorsed in blank by the payee and delivered in exchange for the note of another person in pursuance of an arrangement for the accommodation of the drawer of the check, deposited by the person who receives it in a bank to his credit in the ordinary course of business and immediately drawn against by him, is a negotiable instrument and subject to the law relating to such instruments, and the bank taking the check in good faith and paying full value for it is not affected by equities between the drawer of the check and the person depositing it. In such a case a stranger to the original transaction *taking up* the check by paying its full amount to the bank after it has been dishonored is entitled to all the rights of the bank against the drawer.

MORTON, J. This is an action of contract to recover upon four checks all drawn by the defendant to the order of one K. F. Gorman and indorsed by her. One of them was drawn on the Appleton National Bank of Lowell and the others upon the Second National Bank of Manchester, New Hampshire. Three of them were indorsed by the defendant before delivery as P. J. Riley and Company. They were drawn under the following circumstances. K. F. Gorman the payee was a clerk in the office of one Sibley. There was an arrangement between Sibley and the defendant for an exchange of checks and notes for the accommodation of the defendant. The checks in suit were given pursuant to this arrangement. The defendant made them payable to Miss Gorman of his own motion and they were indorsed by her and deposited in the National Exchange Bank of Salem, of which the plaintiff was cashier, to the credit of Sibley as cash, and Sibley was permitted by the cashier to draw against them to an equal amount. When the checks became due they were not paid by the defendant and were duly protested. Thereupon the bank insisted that the plaintiff should make good the checks and he did so and took the checks. This was after the checks had been dishonored. The defendant neglected to pay them on the ground that he was entitled to set off against them certain

indebtedness which he claimed was due him from Sibley on account of checks and mercantile transactions. The case was sent to an auditor who found and reported in favor of the plaintiff. At the trial the plaintiff put in the checks and the auditor's report and rested. The defendant thereupon asked the judge to rule that the plaintiff could not recover and offered to show that when the checks were delivered to Sibley he was indebted to the defendant in a sum greater than the total amount of the checks, and asked the judge to rule that " it being undisputed that the plaintiff took said checks twenty days after their protest, he took them subject to the equities between the defendant and said Sibley." The judge declined to rule as requested or to admit the evidence that was offered, and directed the jury to find for the plaintiff for the amount found due by the auditor with interest. The case is here on exceptions by the defendant to the refusal to rule as requested and to the rulings that were made.

We think that the rulings were right. The checks were negotiable instruments (*Bill* v. *Stewart*, 156 Mass. 508) though differing somewhat from negotiable promissory notes, and as such were subject to the law relating to negotiable paper. They were dishonored when the plaintiff took them, and the defendant contends that they were subject to any equities existing between him and Sibley. They were not made payable to Sibley, and whether in an action against him by the payee, Gorman, the defendant could have pleaded in set-off Sibley's alleged indebtedness to him, as to which see *Tyler* v. *Boyce*, 135 Mass. 558, *Sheldon* v. *Kendall*, 7 Cush. 217, and R. L. c. 174, § 5, it is not necessary to consider. We assume for the purposes of this case that he could. But that does not help the defendant. The checks were deposited in the bank to Sibley's credit in the usual course of business. The bank took them in good faith before they were overdue and paid full value for them. It had no notice of any alleged equities between the defendant and Sibley and in an action upon the checks against the defendant could have recovered the full amount of them. The checks being unaffected in the hands of the bank by the equities, if any, between the defendant and Sibley, they were unaffected by such equities in the hands of the plaintiff. The plaintiff took

such title as the bank had.  If the bank had a perfect title, as it did, he took the same title and became invested with all the rights of the bank.  *Thompson* v. *Shepherd*, 12 Met. 311.  *Bank of Sonoma County* v. *Gove*, 63 Cal. 355.  *Howell* v. *Crane*, 12 La. An. 126.  *Wilson* v. *Mechanics' Savings Bank*, 45 Penn. St. 488, 494.

There is nothing to show that he had notice when the checks were transferred to him of any alleged equities or defences on the part of the defendant.  But even if he had had such notice it would not have availed the defendant.  *Thompson* v. *Shepherd*, *supra*.  *Peabody* v. *Rees*, 18 Iowa, 571.  It is unnecessary therefore to inquire into or consider whether there was any such condition of things as would have constituted a good defence to the checks on the part of the defendant either by way of set-off or otherwise to an action on them by Sibley, and the evidence that was offered was rightly excluded.

The defendant further contends that the auditor's report should have been submitted to the jury.  But, the circumstances in regard to the taking and the transfer of the checks by the bank as found by the auditor being undisputed, there was nothing to submit to the jury.  The question became one of law, and the judge rightly directed the jury to return a verdict for the amount found due by the auditor, which was the amount of the checks.  *Peru Steel & Iron Co.* v. *Whipple File & Steel Manuf. Co.* 109 Mass. 464.

*Exceptions overruled.*

*N. D. Pratt & J. J. Devine*, for the defendant.
*D. N. Crowley*, for the plaintiff.