FRANKLIN W. DEAN *vs.* LOUIS VICE & another.

Franklin. September 16, 1919. — October 11, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Bills and Notes,* Validity, Indorsee's rights, Assignment. *Partnership. Evidence,* Competency. *Pleading, Civil,* Answer. *Assignment.*

One, who receives a negotiable promissory note by assignment from a person to whom it had been indorsed and delivered by the payee for a valuable consideration before maturity and without any notice of fraud practised by the payee upon the maker, can recover upon the note in an action against the maker although, as between the maker and the payee, the note was voidable by the maker by reason of fraud and it was overdue when the assignment was made.

In an action by the assignee of an indorsee of a negotiable promissory note against a partnership as the makers of the note, where it appears that the note was signed in the partnership name by one of the partners and it did not appear that the indorsee, who received the note before maturity in good faith for valuable consideration, had knowledge of any restriction upon the right of the partner who signed the note to bind the partnership by his signature, evidence, tending to show that the partners by agreement between themselves had agreed that the signatures of both partners should be necessary to bind the partnership upon a contract in writing, is inadmissible.

A partnership has inherent power to issue in payment of its obligations negotiable promissory notes signed in the partnership name by a single member of the firm, and private restrictions as to the effect of such a signature cannot affect those who, without knowledge of them, received such notes in payment of partnership obligations.

In an action upon a promissory note against a partnership as the maker, brought by one to whom an indorsee who was a holder in due course had assigned the note, an exception by the defendants to the admission of the note in evidence at the trial on the ground that the signatures of the makers and of the payee were not proved, must be overruled where one of the partners testified that he signed the firm name to the note, and where the only allegation as to signatures in the defendants' answer was, "And the defendants further answering specially denies that he made any note and specially denies the signature on said note."

At the trial of an action by the assignee of an indorsee against the maker of a promissory note in which the defendant had not specifically denied the signature upon the assignment, the defendant objected and excepted to the admission of the assignment in evidence, and, when asked by the judge to state what his objection was, said "That there is nothing to prove the signature of the . . . [payee] . . . or no proof that there is any such concern as the firm named to which this purports to be conveyed." There later were introduced in evidence depositions which showed that the indorsee was a corporation engaged in the jewelry business. *Held,* that the defendant could not be heard to contend in

support of his exception that the signature of the indorsee to the assignment was not proved, as that was not the ground upon which the admission of the assignment in evidence was objected to.

CONTRACT upon three negotiable promissory notes, each for $225, alleged to have been made by the defendants, payable to the Parton Manufacturing Company, indorsed by the payee to a corporation named Despres, Bridges and Noel, and by the indorsee assigned to its credit man, the plaintiff. Writ dated December 13, 1917.

The defendants' answer, besides a general denial, specifically denied that the plaintiff was a holder for value, and contained the two following allegations:

"And the defendants further answering specially denies that he made any note and specially denies the signature on said note."

"And the defendants further answering say that any agreement that he signed, that it was signed with a distinct understanding that unless his brother who was a member of the firm consented to it that the order was not to be sent and that all papers were to be returned to the defendants. And the defendants say that the plaintiff was notified at once that his brother did not consent and that they did not care to enter into the agreement and requested the return of the papers."

In the Superior Court the action was heard by *Aiken,* C. J., without a jury. Material evidence and facts found by the Chief Justice and exceptions saved by the defendants to the admission and exclusion of evidence are described in the opinion. At the close of the evidence the defendants asked for the following rulings:

"1. That upon all the evidence, the plaintiff is not entitled to a finding.

"2. That upon all the evidence, there was no delivery of the note or notes to the plaintiff's agents or servants.

"3. That a passing of the notes to a third party was a fraud upon the defendant, and the plaintiff is not entitled to recover."

The requests were refused. The Chief Justice found for the plaintiff in the sum of $719.51; and the defendants alleged exceptions.

*F. J. Lawler,* for the defendants.

*J. F. Manning,* for the plaintiff.

CROSBY, J.  This is an action of contract on three promissory
notes, each purporting to be signed by "A. Vice & Sons," who
were copartners doing business under that name.  The notes
were payable to the Parton Manufacturing Company and in-
dorsed by the company to Despres, Bridges and Noel, who
credited the proceeds to the account of the Parton Manufactur-
ing Company and assigned the notes to the plaintiff, who was the
"credit man" of the assignors.

The trial judge found that the signatures of the makers and
the possession of the notes were secured by fraud, and that as be-
tween the makers and the payee the notes were voidable by reason
of such fraud.  Further, that the payee transferred the notes in
due course before maturity to the indorsees, who credited the
payee's account with the amounts thereof; that the plaintiff's
title to the notes was by a written assignment to him by the
indorsees, and that it was not proved that the latter had notice
of the fraud by which the notes were originally obtained by the
payee from the makers.

Upon the findings of fact made by the presiding judge, it can-
not be said that the finding for the plaintiff was unwarranted as
matter of law.

It appears that Despres, Bridges and Noel, the indorsees, took
the notes in due course for a valuable consideration in good faith
without any notice of fraud practiced upon the makers; therefore,
they held them by a good and valid title, and the plaintiff took
and held them under such title as the indorsees had, *Symonds* v.
*Riley*, 188 Mass. 470.  As Despres, Bridges and Noel had a per-
fect title, the plaintiff took the same title with all their rights
therein.  There is nothing to show that the plaintiff had notice
before the notes were assigned to him of any defences or equities
in favor of the defendants; if he had had such notice it would not
have been a defence to this action.  *Symonds* v. *Riley, supra.*
*Fearing* v. *Clark,* 16 Gray, 74.  *Thompson* v. *Shepherd,* 12 Met. 311.

It is argued in the defendants' brief that the plaintiff received
the notes after they were overdue; but that does not appear in the
record; there is nothing to indicate the date of the assignment or
of its execution and delivery, or when the plaintiff obtained title.
If, as the defendants argue, the notes were overdue when trans-
ferred to the plaintiff, his rights are not affected as he is entitled

to all the rights and remedies which the indorsees had against the makers. *Symonds* v. *Riley, supra.*

The notes and assignment were properly admitted in evidence and exceptions to such admission cannot be sustained.

The testimony offered by the defendants to show that by agreement between them the signatures of both members of the partnership were required to bind the firm upon a written contract was properly excluded, as there was no evidence to show that Despres, Bridges and Noel had knowledge of any such agreement when they obtained title to the notes. The partnership had inherent power to issue notes signed by either member of the firm in payment of its obligations and private restrictions cannot affect those who, without knowledge of them, deal with the partnership. *Warren* v. *French,* 6 Allen, 317. *Stimson* v. *Whitney,* 130 Mass. 591.

The defendants' exception to the admission in evidence of the notes on the ground that the signatures of the makers were not proved cannot be sustained: the defendant Louis Vice testified he signed the firm name to each of the notes; besides, the genuineness of the signatures was not denied and a demand that the same be proved at the trial was not pleaded. R. L. c. 173, § 86. *Spooner* v. *Gilmore,* 136 Mass. 248. *True* v. *Dillon,* 138 Mass. 347.

The exception that the signature of the Parton Manufacturing Company was not proved is without merit; there was no denial of its genuineness or demand that it be proved at the trial.

The contention that the signature of Despres, Bridges and Noel to the assignment was not proved cannot be sustained. The admission in evidence of the assignment was not objected to for that reason but upon an entirely different ground. When it was offered, counsel for the defendants objected to its admission, whereupon the judge asked, "What is your objection . . .?" and counsel stated in reply, "That there is nothing to prove the signature of the Parton Manufacturing Company or no proof that there is any such concern as the firm named to which this purports to be conveyed." It plainly appears from this answer that the assignment was not objected to because the signature had not been proved. The objection that the signature of the Parton Manufacturing Company had not been proved as previously stated cannot be sustained, and there was ample evidence to show that Despres, Bridges and Noel was a corporation

engaged in the jewelry business in Chicago. This evidence appeared in various depositions which were rightly admitted in evidence later. The order of proof was within the discretion of the trial judge. As the assignment of the notes to the plaintiff was in writing he could sue in his own name. R. L. c. 173, § 4. *MacKeown* v. *Lacey,* 200 Mass. 437.

The defendants' requests properly could not have been given, and as no reversible error of law appears, the entry must be

*Exceptions overruled.*