No. 24,208.

THE COMMERCE TRUST COMPANY, *Appellee,* v. JAMES M. SNELLING, *Appellant.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Negotiability.* The ruling in *Leach v. Urschel,* 112 Kan. 629, 212 Pac. 111, as to the negotiability of a promissory note, followed.

2. SAME—*Plaintiff a Holder in Due Course.* Upon the record of the evidence the trial court ruled correctly in holding that the plaintiff was a holder in due course of the note in suit.

3. SAME—*In Hands of Innocent Holder—When Free From Equitable Defenses.* When a note comes into the hands of an innocent holder who assigns it to another the latter is protected by the strength of the title of the former, and takes it free from equitable defenses, whether or not he had notice of original infirmities, following *Underwood v. Fosha,* 96 Kan. 240, 150 Pac. 571.

4. SAME—*No Error in Record.* Other assignments of error are held to be without merit.

Appeal from Marion district court; CASSIUS M. CLARK, judge. Opinion filed April 7, 1923. Affirmed.

*John Madden, John Madden, jr.,* and *J. T. Rogers,* all of Wichita, for the appellant; *Dennis Madden,* of Topeka, of counsel.

*W. H. Carpenter,* and *W. R. Carpenter,* both of Marion, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by the Commerce Trust Company upon a note executed by James M. Snelling, on March 31, 1921, for $500, payable to the order of himself, six months after date, and which was at once indorsed and delivered by him to

the Associated Mill & Elevator Company in payment of certain shares of stock of that company. Judgment was given for plaintiff and the defendant appeals.

The elevator company sold and transferred the note to the Marion County State Bank on April 2, 1921, at which time the bank issued a certificate of deposit to the elevator company for $500 drawing interest at three per cent and the discount to the bank amounted to the difference between eight per cent which the note drew and the three per cent drawn on the certificate. About August 12, 1921, and before the maturity of the note, it was indorsed and sold by the bank to the Commerce Trust Company. The defenses alleged were that the note was nonnegotiable, that there was fraud in its inception, that there was a failure of consideration, and that the Marion County State Bank as well as the plaintiff had knowledge of facts relating to the transaction so that neither was a holder in due course and must be held to have taken the note subject to any defenses the defendant had against the elevator company. A number of parties, including the defendant, entered into an agreement with the elevator company by which each subscribed to the stock of that company and executed his note in payment of the stock in consideration that the company would build and equip an elevator at Florence in time to handle the 1921 crop. The agreement, which was read to the defendant and others when the subscriptions were made and was afterwards recognized and relied on by the defendant, is as follows:

"In consideration of subscription of fifteen thousand dollars of stock of the Associated Mill & Elevator Company, Kansas City, Kansas, the said Associated Mill & Elevator Company hereby agrees to build at Florence, Kansas, one of their modern elevators (minimum capacity fifteen thousand bushels), and warehouse, the same to be maintained and operated the year around by said company, and said elevator is to be equipped with grinders, shellers, and all modern equipment, said company to maintain a complete stock of feed and seeds at the warehouse, said elevator to be erected for the 1921 crop, unavoidable conditions excepted. In the event that said elevator is not built in Florence, Kansas, said company agrees to return said subscription to purchaser of same, if subscribers desire."

After the purchase of the note by the bank, and on April 13, 1921, the elevator company delivered to the Marion County State Bank for the benefit of the subscribers to the stock the contract above set forth. The elevator company failed to build and equip the elevator in compliance with its contract, and in the early part of July, 1921,

the subscribers to the stock served a written notice upon the elevator company, stating that the company had failed to comply with its contract to build the elevator, demanding that the company return the subscriptions made and the amounts paid therefor. On July 15, 1921, John M. Snelling in behalf of himself, the defendant and other subscribers, brought an action in the district court of Kingman county, against the elevator company and its trustees, setting up the contract under which the subscriptions were made, the failure of the company to comply with the contract, the demand for the return of the subscriptions, and of the notes and money paid on them, and asking judgment against the elevator company and its trustees for the full amount of the subscriptions for which the notes and money had been given. As to the note of the defendant involved here, there was an allegation, which was common to all the parties where notes had been given, that James M. Snelling had subscribed for five shares of stock in payment of which he had indorsed and given to the elevator company his negotiable promissory note for $500, bearing eight per cent interest per annum, and alleging—

"That the defendants (the elevator company and trustees) immediately sold and delivered said note so executed and endorsed to the Marion County State Bank which paid for said note a valuable consideration and took the same in good faith and the said James M. Snelling is liable now for the payment thereof."

It was stated in the oral argument when the present case was submitted, and not denied, that that case was removed to the federal court where a judgment was given against the elevator company, that attachments which had been issued on its property were sustained and that $7,000 had been paid upon the judgment which has been received by the subscribers including the defendant for whom the action was brought. The defendant's note, as we have seen, was sold and transferred to plaintiff about August 12, 1921, before the maturity of the note, and the present action was brought on December 16, 1921. The answer in this action, which asserted that the Marion County State Bank was a holder in due course, was filed six months or more after the action had been brought in Kingman county, in which it was alleged that the bank was a purchaser in good faith, had paid a valuable consideration for the note, and that the defendant was liable for the payment thereof.

One of the contentions of defendant is that the myself note executed by the defendant, which was indorsed and delivered to the elevator company and sold to the bank, was nonnegotiable by reason

of conditions contained in it. The note is exactly in the form of one considered in *Leach v. Urschel,* 112 Kan. 629, 212 Pac. 111, in which it was held that the recitals in the instrument did not impair the negotiability of the note or the liability of the defendant as indorser. No reason is seen for modifying the decision or for further comment on the questions discussed.

There is a contention that the Marion County State Bank was not a purchaser of the note in good faith and a holder in due course, but this is without support in the evidence. The claim of the defendant was that the bank had agreed with the defendant that it would act as a trustee and hold the stock issued and the notes executed, and if the elevator company did not build the elevator as agreed the bank would turn over to the defendant the note or money which he had given for the stock purchased and surrender the shares of stock back to the elevator company. The testimony of the plaintiff himself is that he made no such agreement with the defendant. He testified that when the note was made and transferred to the bank he had no agreement with the bank or any of its officers about holding the note and never did make any such agreement. He spoke of a meeting held in the bank the following August at which the subject of holding the notes was discussed. The note, as has been shown, was purchased by the bank about four months before that time and on defendant's own testimony no agreement had been made and no notice of such purpose had been communicated to the bank by the plaintiff or by the elevator company. It is a fact that the agreement was brought to and left in the Marion County State Bank on April 13, 1921, but that was eleven days after the note had been purchased and paid for by the bank. However, if the agreement had in fact been placed in the bank before the note was purchased it would not have given the bank any notice that the note was to be held to await the completion of the elevator, as it did not contain any such provision, but the only stipulation touching the matter was that in the event the elevator was not built the elevator company should return the subscriptions to the purchasers of the stock if the subscribers so desired. There was no provision in that agreement as to the holding or return of the negotiable notes which had been executed and delivered to the elevator company. As the defendant admitted that he had no agreement or conversation with the bank or its officers as to the holding of this note for months after it had been sold to the bank, it must be held that it purchased the note in good faith and

became a holder in due course. A circumstance relating to the good faith of the Marion County State Bank in purchasing the paper was the acknowledgment in the petition filed in the action brought in behalf of the plaintiff in the Kingman county case, which was a matter of evidence in the present case. As has been seen it contained an allegation of the sale of the note to that bank for a valuable consideration, that it was purchased in good faith by the bank, and that the defendant was liable for its payment. This evidence is confirmatory of that given by the defendant, that he had no agreement with that bank to hold the note or to return it in case the elevator was not built. As the Marion County State Bank acquired the note in good faith and transferred it before maturity to the plaintiff, the latter took it free from infirmities or equitable defenses, even if the plaintiff had learned that infirmities existed. Plaintiff is protected by the strength of the title held by the Marion County State Bank, which was an innocent holder, and therefore it is unnecessary to consider the evidence offered with a view of showing that the plaintiff had knowledge of the original transaction between the defendant and the elevator company. (Neg. Inst. Law, § 65; Gen. Stat. 1915, § 6585; *Underwood v. Fosha*, 96 Kan. 240, 150 Pac. 571.)

There was an averment and contention that the note was altered so as to bear interest from date, when originally written that it should draw interest from maturity, and defendant testified that that was the contract which he made and signed and that he never consented that the note should bear interest from date. The allegation made in behalf of the plaintiff in the earlier case that went to judgment in the federal court carries the implication that the note bore interest from date, but the evidence without dispute was that the note when purchased by the Marion County State Bank carried the provision that it bore interest from date. To avoid any controversy the plaintiff offered to accept the prescribed interest from the maturity of the note, and the judgment was so rendered.

There was no error committed in striking out testimony which contradicted the terms of the written contract with the elevator company, which the defendant had recognized and had been made the basis of the action begun in his behalf in Kingman county. We think the court was warranted in holding that there was no competent evidence to sustain the defendant's theory, and therefore its ruling directing a verdict for plaintiff is not erroneous.

The judgment is affirmed.