## Thomas *v.* Berger, Appellant.

Argued April 23, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Leo I. Shapiro,* of *Shapiro & Sigal,* for appellant.

*Elmer A. Barchfeld,* for appellee.

OPINION BY BALDRIGE, J., July 18, 1935:

The plaintiff brought this action in assumpsit, based on a check, dated February 21, 1933, issued by the defendant to plaintiff's order, in the sum of $300, on the Pennsylvania Trust Company of Pittsburgh. The check was returned, marked "No Sufficient Funds." It had been delivered to plaintiff in payment of interest, from August 15, 1932, to February 15, 1933, due on a mort-

gage held by the plaintiff on property of which defendant was the owner at the time the check was made.

In the affidavit of defense, it is averred that the mortgage was executed by one of the defendant's predecessors in title; that the defendant did not assume or agree to pay the mortgage; and that the giving of the check was a voluntary action on his part, without consideration; all liability was denied. There was no denial, however, that the check was not paid, nor was a want of consideration set up. A copy of the deed, attached to the affidavit of defense, conveying the property to defendant recited that the consideration was one dollar, and contained the following clause: "against which property there is a mortgage held by Adam Burkett, dated August 15, 1932, in the sum of ten thousand ($10,000) dollars."

Plaintiff took a rule for judgment against defendant for want of a sufficient affidavit of defense. The rule was made absolute, and this appeal followed.

The appellant, in his brief, contends that the obligation to pay the interest was that of the original mortgagor, and that his check was without consideration; but he does not maintain that interest was not due.

The check in question is a bill of exchange payable on demand (section 126 of the Negotiable Instruments Act of May 16, 1901, P. L. 194) (56 PS §301), and is a negotiable instrument; section 30 (56 PS §301); 8 C. J. §51, p. 51. "A check is negotiable paper, transferable by indorsement like a note and governed by the same rules": 5 U. L. A., p. 693; Carhart v. Phillipsburg Second Nat. Bank (N. J.), 120 A. 636. In 5 R. C. L. §20, p. 496, it is said: "Although the check in question does not contain the words 'value received,' it is a negotiable instrument."

What was the defendant's liability under the check which he drew and delivered?

Section 61 of the Negotiable Instruments Act (56

PS §152) provides, as follows: "The drawer, by drawing this instrument, admits the existence of the payee and his then capacity to indorse, and engages that on due presentment the instrument will be accepted or paid, or both, according to its tenor, and that, if it be dishonored and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder or to any subsequent indorser who may be compelled to pay it . . . . . ."

Where an owner of land, subject to a mortgage given by a third party, draws a check to the mortgagee in payment of the interest on, or principal of, the mortgage, there is a valid consideration for the check in the mortgage debt against the drawer's land. If the interest and principal of the mortgage are not paid, he will lose his land, and the giving of the check is, therefore, for his own advantage and benefit.

If we assume there was no consideration, as contended, and that the appellant was not discharging his own obligation by paying interest on a mortgage encumbering his property, then he was an accommodation maker, and, as such, was liable under section 29 (56 PS §§66, 67), which reads: "An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or endorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be an accommodation maker."

The appellant, therefore, was personally liable, whether it was his individual obligation or one that he voluntarily assumed: Citizens' Bank of Wind Gap v. Lipschitz, 296 Pa. 291, 145 A. 831.

The lower court was entirely right in entering judgment for want of a sufficient affidavit of defense.

Judgment is affirmed.