No. 414625

## ADELINE SCALZILLI, ET AL
### v.
## STEUBEN RESTAURANT, INC.

(October 30, 1956 — November 8, 1957)

*Present*: ADLOW, C. J., RILEY AND BARRON, JJ.

Case tried to LEWITON, J., in the Municipal Court of the City of Boston.

*Barron, J.* The plaintiffs are husband and wife. The wife's action is for personal injury sustained in the defendant's restaurant as the result of slipping on the floor. The husband's action is for consequential damages.

*There was evidence that* the plaintiff went into

the defendant's restaurant for the purpose of having dinner there; that she waited some time at the entrance, as the restaurant was crowded, but after waiting near the entrance for about five minutes a man wearing a dark suit beckoned to the plaintiff and her daughter to come on; he was then about ten feet away; there was nobody between this man in the dark suit and the plaintiff when he beckoned to her; that she walked along where the man had indicated as he made a motion to the right, towards an empty booth; that when she was about 10 feet from him her foot slid and it felt as if there "was something under her foot" and at this time she was about 1 foot away from a booth on her right on the table of which there were dishes, glasses and utensils.

The plaintiff's daughter testified that as her mother was about a foot from the booth into which they were going, her mother fell forward in the aisle which was about 3½ feet wide. The floor was composed of gray and black tile and there was a dark curved skid mark about a foot long about a foot away from the booth to which they were going and three or four "glistening spots" about the size of a dime in the area in front of the skid mark. While her mother was on the floor the witness observed the black skid mark on the floor; that she looked at her mother while the mother was on the floor and saw a dirty grayish substance hard and stuck to her mother's shoe on the under side of the toe of the shoe about 2 inches in area which on later examination in the foyer looked like "cold mashed potato"; that the substance may have been white originally, but was dirty and gray now and hard and crusty. She further testified that the "glistening spots" could have been water or any other kind of liquid and that she did not notice the condition of the floor before her mother fell; that there was overhead lighting at the

scene of her mother's fall; that the place was well lit and there was no difficulty in seeing the floor; that the man who had beckoned to them was standing about eight to ten feet away and there was nothing between him and the spots on the floor which she noticed after her mother fell; that the table they were approaching was not occupied; that it had been occupied and was partially cleared away, but there still remained on the table some dirty dishes and glasses of water.

There was evidence by the hostess of the defendant who stated that she went over to the plaintiff, after she had fallen, and the plaintiff said she had fallen on something on the floor; that the woman showed the hostess where she had fallen, and the hostess looked and could find nothing on the floor that could have caused the woman to fall.

The defendant filed the following Request for Ruling:

"(1) The evidence does not warrant the finding that the defendant was negligent."

The court denied the above request and found for the plaintiff.

 There was no evidence presented from which it could be found that a negligent act of the defendant or its agents was the cause of or contributed to the plaintiff's slipping and falling on the defendant's premises. In order for the plaintiff to recover there must have been evidence of the presence of some substance on the defendant's premises which was an essential cause of the fall.

The only evidence which might furnish any clue as to what might have caused the plaintiff to fall is that "her foot slid and it felt as if there was something under her foot"; and that "stuck to the plaintiff's shoe, on the under side of the toe of the shoe about two inches in area, was a dirty, grayish hard

and crusty substance which looked like cold mashed potato."

There was no evidence that there was any substance on the floor or that the condition of the floor was such as to indicate the previous presence of something on the floor, either before or after the plaintiff fell. In cases where there is evidence of foreign matter on the premises, the issue often arises as to how long the substance was there, in order to ascertain the negligence of the defendant. In this case there was no evidence to bring the factual issue of negligence of the defendant before the court; that is, as to whether the defendant in the exercise of reasonable care should have discovered the substance.

It is no more reasonable to infer that the substance which was stuck to the plaintiff's shoe had been dropped by the employee of the defendant, than that it was collected on the plaintiff's shoe before she came into the defendant's premises. *Cartoof v. F. W. Woolworth Co.*, 262 Mass. 365; *Beach v. S. S. Kresge Co.*, 302 Mass. 544.

"Where the evidence tends equally to sustain two inconsistent propositions, neither of them can be said to be established by legal proof." *Hanna v. Shaw*, 244 Mass. 57, 60.

*Finding for the plaintiff vacated. Finding to be entered for defendant.*

Harry Philip Edwards, for the plaintiff.
Badger, Pratt, Doyle & Badger, for the defendant.