FREDERIC DE REISET & others *vs.* JAMES J. LOUGHERY
& another.

Suffolk. January 11, 1910. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Bills and Notes*, Rights of holder in due course.

Under R. L. c. 73, §§ 69–74, one who purchases a foreign bill of exchange for cash before maturity and without notice of any infirmity is a holder in due course, and in an action on the bill against the acceptor by one having the rights of such a holder, the defense that the drawer of the bill secured its acceptance by fraud or misrepresentation is not open to the defendant; nor in such an action is the bill subject to a counter claim or set-off against the drawer.

CONTRACT on two foreign bills of exchange drawn by Huileries-Loubrie and Company of Bordeaux, France, upon the defendants, and accepted by them upon presentation, both bills having been dishonored at maturity and duly protested by the holders. Writ dated October 25, 1907.

The bills were respectively one for 2,051 francs dated May 28, 1907, due August 31, 1907, accepted June 25, 1907, and protested September 3, 1907, and one for 3,196 francs dated June 19, 1907, due September 15, 1907, accepted July 8, 1907, and protested September 16, 1907.

The answer of the defendants, among other defenses, set up that the defendants had a counter claim against the drawers for overcharges, and that the plaintiffs in this action (they being the last indorsees) were nominal holders in the interest of the drawers. The same matter also was alleged in a declaration in set-off.

At the trial in the Superior Court before *Fessenden,* J., it appeared from answers to interrogatories filed by the defendant that the drawers had sold both the bills before maturity for cash and without recourse to the Bank of Bordeaux, and that in its turn the Bank of Bordeaux had sold them in the same way to the plaintiffs, who were copartners doing business as a banking house under the firm name of John Munroe and Company; it further appeared that after the bills had been dishonored the Bank of Bordeaux reimbursed the plaintiffs for their loss, and that the plaintiffs at the time of the trial held the bills only for collection on behalf of the Bank of Bordeaux. It did not appear whether or not the reimbursement took place before or after this action was brought.

At the close of the evidence the defendants asked the judge to make, among others, the following rulings:

" 2. The plaintiffs cannot recover of the defendants if Loubrie and Company secured the acceptance of the bills of exchange or of either of them through fraud or misrepresentation.

" 3. If Loubrie and Company gave to the defendants the wrong prices for the goods and the duties and charges thereon intending to mislead the defendants and they were misled thereby and so accepted said bills of exchange they are not liable thereupon.

" 4. If Loubrie and Company agreed to repay the defendants the amount of the overcharges, $218.89, the plaintiffs in set-off have a valid claim against the defendants in set-off therefor."

" 7. If the plaintiffs are merely the holders of the bills of exchange for the purposes of collection any valid claim of the de-

fendants against the drawers of the bills of exchange may be set off against the bills of exchange."

The judge refused to make any of these rulings, and submitted the case to the jury with full and appropriate instructions apart from the refusal of the foregoing requests. The jury returned a verdict for the plaintiffs for the amount of both bills with interest ; and the defendants alleged exceptions.

The case was submitted on briefs.

*L. M. Bacon*, for the defendants.

*F. Peabody, Jr., & E. K. Arnold*, for the plaintiffs.

HAMMOND, J. There was ample evidence, indeed it was overwhelmingly in that direction, that the Bank of Bordeaux for whose benefit the action was brought was at all times a *bona fide* holder in due course; and therefore that it held the bills free from the defenses of fraud and overcharge set up in the answer and was without liability for the overcharge set up in the declaration in set-off. R. L. c. 73, §§ 69–74, both inclusive. The second, third and fourth requests were therefore properly refused.

And the same may be said of the seventh. There was no contention that the plaintiffs were parties to any fraud or illegality. The request is therefore subject to the same objection as the others. It totally disregards the rights of the former holder in due course on whose behalf the action was brought. R. L. c. 73, § 75.

*Exceptions overruled.*