BESSIE BOVARNICK *vs.* PHILIP DAVIS.

Suffolk.　January 15, 1920. — February 28, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Agency,* Existence of relation. *Husband and Wife. Bills and Notes.*

At the trial of an action by an indorser against the maker of a promissory note, it appeared that the plaintiff, a married woman, became a holder in due course of the note before its maturity, that she indorsed it in blank and delivered it to a corporation to pay an indebtedness owed to it by her but charged upon its books to the name of her husband, that the note was not paid at maturity and was delivered by the corporation to the plaintiff's husband, who "handed" it to the plaintiff, and that the corporation "charged back" to the husband against certain dividends to which he was entitled the amount of the plaintiff's indebtedness to it. The trial judge found that the husband, in the transactions above described, acted as the plaintiff's agent, lending her his credit with the corporation upon the return of the note to her; and refused to rule that the plaintiff was not a holder of the note in due course or that the result of the transaction between the plaintiff's husband and the corporation was either that he became the purchaser of the note or that the defendant was discharged. *Held,* that

(1) The finding that the husband in the transactions above described acted as the agent of the plaintiff was warranted;

(2) The plaintiff, as the person in possession of the note with the husband's assent, was entitled to maintain the action in her own name in any event;

(3) The "charging back" of the amount of the note to the account of the plaintiff's husband with the corporation was not a payment of the note by any one but operated only to discharge the plaintiff's liability to the corporation, so that the plaintiff was remitted to her former rights against the defendant.

CONTRACT by an indorser against the maker of a promissory note for $1,000, dated April 12, 1918, payable in ten months from its date to Harry E. Burroughs and bearing a special indorsement by the payee to the order of Samuel H. Burroughs and indorsements in blank by him and by the plaintiff. Writ in the Municipal Court of the City of Boston dated March 17, 1919.

The defendant's answer contained, besides a general denial, allegations of fraud practised by the payee of the note upon the

defendant, the maker, in procuring it. There was no allegation of payment or satisfaction of the note.

The material evidence at the hearing in the Municipal Court is described in the opinion. At the close of the evidence, the defendant asked, among others, for the following rulings:

"3. If the plaintiff in July, 1918, discounted the note in suit and two others aggregating in face value $3,000, paying therefor $2,500 as claimed by her, and if she in or about December, 1918, paid the note in suit to the Boston Egg Company, Inc., in satisfaction of a claim by that company against her for $1,000, and if upon the note maturing and not being paid by its maker, the Boston Egg Company, Inc., reimbursed itself by deducting from the dividends otherwise payable to Harry Bovarnick, the husband of the plaintiff, the amount of $1,000, so that it has no further claim thereon, and the indorsement by the Boston Egg Company has been crossed off, then the plaintiff is not for the purpose of this suit a holder of the note in due course and for value.

"4. If the plaintiff in July, 1918, discounted the note in suit and two others aggregating in face value $3,000, paying therefor $2,500, as claimed by her, and if she in or about December, 1918, paid the note in suit to the Boston Egg Company, Inc., in satisfaction of a claim by that company against her for $1,000, and if upon the note maturing and not being paid by its maker, the Boston Egg Company, Inc., reimbursed itself by deducting from the dividends otherwise payable to Harry Bovarnick, the husband of the plaintiff, the amount of $1,000, so that it has no further claim thereon and the indorsement by the Boston Egg Company has been crossed off, then the defendant is not liable in this action.

"5. The plaintiff is not a holder in due course of the note in suit.

"6. If the amount due on the note in suit was paid by Harry Bovarnick, then the note was either purchased by him or paid so as to discharge the defendant.

"7. The plaintiff cannot be a holder of the note through a negotiation thereof to her by her husband."

The rulings were refused. The trial judge made the following findings:

"I find that in the negotiation of the note in suit by the plaintiff to the Boston Egg Company, and in its re-delivery to her upon dishonor, the plaintiff's husband merely acted as her agent, lend-

ing her his credit upon its return to her; that he was never a holder
or owner thereof, and that the plaintiff does not claim under him."

The judge found for the plaintiff and at the request of the
defendant reported to the Appellate Division his refusal to give
the rulings above quoted. The Appellate Division dismissed the
report; and the defendant appealed.

*G. P. Davis*, for the defendant.

*S. A. Dearborn*, for the plaintiff.

JENNEY, J. On April 12, 1918, Philip Davis executed and de-
livered to Harry E. Burroughs his promissory note, complete and
regular on its face, and payable on time. The plaintiff took the
note in good faith and for value, before its maturity and without
notice of any infirmity in the instrument or defect in title of the
person negotiating it. The terms of the note negative its previous
dishonor. The plaintiff then had the rights of "A holder in due
course." R. L. c. 73, § 69. It is conceded that, before the maturity
of the note, it was indorsed by the plaintiff to the Boston Egg
Company in payment of her pre-existing indebtedness to that
company, which indebtedness either was or could have been
found to be charged on the books of that company to her husband.
The note was not paid at maturity and thereafter it was delivered
to the plaintiff's husband, and the sum payable according to its
terms was "charged back" to the husband on the books of the com-
pany against certain dividends to which he was entitled. The
husband "handed" the note to the plaintiff who thereafter brought
this action.

The defendant contends that the finding for the plaintiff was
wrong (1) because she had no title to the note and because the
evidence is not sufficient to support a finding that she was en-
titled to maintain suit as a holder with the assent of her husband,
who, the defendant contends, was the real party in interest; and
(2) because the transaction at the time of the maturity of the note
amounted to its payment and extinguished the liability of the
maker.

1. The trial judge found that the plaintiff's husband in all that
he did acted as her agent and that she does not claim under him. It
is contended that the evidence did not justify the finding. It was
sufficient to warrant the conclusion that the husband, in delivering
the note to his wife, did not do so with the intent merely to give

her its custody, and that he received it for her benefit and delivered it to her as her own. The note had never been owned by the husband and the inference that he received it in behalf of his wife was well warranted. The finding that he acted as her agent was therefore supported by the evidence and must stand. See *Leavitt* v. *Wintman,* 234 Mass. 248. In any event, the plaintiff, as the person in possession of the note with the assent of her husband, may maintain this suit thereon. R. L. c. 73, § 68. *National Pemberton Bank* v. *Porter,* 125 Mass. 333, 335. *Fay* v. *Hunt,* 190 Mass. 378. *Jump* v. *Leon,* 192 Mass. 511. *Perry* v. *Pye,* 215 Mass. 403, 410.

2. The "charging back" of the amount of the note to the account of the plaintiff's husband, who acted in her behalf, did not discharge the defendant. The transaction was not the payment of a note by a maker, joint promissor, stranger or volunteer and is clearly distinguishable from the principle of *Lee* v. *Field,* 9 N. M. 435, on which the defendant relies. It operated only to discharge the plaintiff's own liability to the company and she was remitted to her former rights as against all prior parties. R. L. c. 73, § 138. *Berenson* v. *Conant,* 214 Mass. 127, 130.

3. These considerations are decisive of all the defendant's requests for rulings. Inasmuch as the plaintiff was remitted to her former rights as "A holder in due course" it was not necessary for the judge to pass on the issue of fraud between the defendant and the payee. The finding in her favor was made properly. R. L. c. 73, § 74. *Symonds* v. *Riley,* 188 Mass. 470. *De Reiset* v. *Loughery,* 205 Mass. 86. The order of the Appellate Division of the Municipal Court dismissing the report must be affirmed.

*So ordered.*