GEORGE W. PARKER *vs.* BLANCHE M. ROBERTS.

Suffolk.   October 17, 1922. — November 29, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Bills and Notes,* Holder in due course, Indorsement in blank. *Evidence,* Presumptions and burden of proof. *Practice, Civil,* Harmless error.

In the declaration in an action in a municipal court upon a negotiable promissory note, the plaintiff alleged that the defendant made the note, that the payee indorsed it in blank, that the plaintiff was the holder thereof and that the defendant refused to pay it. At the trial the plaintiff produced the note which had upon it the blank indorsement of the payee, a special indorsement by stamp of one bank in the State of Illinois to another, and a cancelled indorsement by the second bank, "pay to the order of any bank or banker." There was evidence that the payee transferred the note to the first bank for one whose name was not on the note and who was not a party to the action. It did not appear in what manner the plaintiff became the holder. The judge "found for the plaintiff on the declaration." *Held,* that

(1) By G. L. c. 107, § 71, the plaintiff had a right to omit tracing his title in the declaration through all indorsers subsequent to the blank indorsement by the payee;

(2) The note was transferable by delivery and in effect was payable to bearer;

(3) It was a presumption of fact that the plaintiff was a holder in due course, and, that presumption not being rebutted, the question of consideration between the maker and the payee was immaterial;

(4) An inapplicable ruling by the judge, relating to the consideration given to the maker by the payee, was harmless error.

CONTRACT upon a promissory note for $300, dated June 26, 1920, payable in eighty days to E. K. Smith or order and signed by the defendant. Writ in the Municipal Court of the City of Boston dated December 29, 1920.

The declaration alleged merely that the defendant made the note, that the payee indorsed it in blank, that the plaintiff was the holder thereof, that the defendant had refused to pay it and that he owed its amount to the plaintiff.

Indorsements which appeared on the note are described in the opinion.

At the trial in the Municipal Court, no evidence was offered to show how the plaintiff became the holder of the note other than the testimony of the payee by deposition "that the plaintiff was the legal holder of the note at the time suit was brought." He further testified that for several months he was a member of the bar of the State of Illinois and not of that of Massachusetts, that he rendered legal services for the defendant in Boston, for which the note was given, that he indorsed the note in blank, before maturity, and that it was transferred for value, not cash, to a bank in Illinois for F. Stanford, whose name did not appear on the note.

The defendant asked for the following rulings of law:

"1. On all the evidence there must be a finding for the defendant.

"2. The note in said Smith's hands is without consideration and he was not a holder in due course.

"3. The burden is on the plaintiff to show that he is a holder in due course or that some person under whom he claims is a holder in due course and the plaintiff has not maintained this burden.

"4. As far as the evidence shows the plaintiff is simply an agent for the collection for E. K. Smith and has no greater rights than E. K. Smith.

"5. The plaintiff is not a holder in due course."

The plaintiff asked for the following rulings of law:

"1. If the plaintiff is a holder of the note in question in due course, the matter of the consideration of that note is immaterial.

"2. No evidence has been presented that the plaintiff is not a holder in due course.

"3. The payee of the note, Edwin K. Smith, is legally entitled to remuneration for services as attorney, if such services are performed, notwithstanding the fact that he is not a member of the bar of Massachusetts, if he is a member of the bar of another State.

"4. The bearer of a note indorsed in blank is presumed to be a holder in due course."

The rulings asked for by the defendant were refused. Those asked for by the plaintiff were given. The judge "found for the plaintiff on the declaration," and, at the request of the defendant,

reported the case to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*R. J. Lane,* for the defendant.

*C. F. Choate, 3d,* for the plaintiff.

BRALEY, J. The payee, to whose order the promissory note in suit was made payable, having indorsed it in blank before maturity, the plaintiff's possession of the note which he produced at the trial would be sufficient evidence of title on which to maintain the action if no further indorsements written on the instrument itself or upon a paper attached thereto appeared. G. L. c. 107, §§ 31, 54. *Way* v. *Richardson,* 3 Gray, 412. *Jump* v. *Leon,* 192 Mass. 511. *Massachusetts National Bank* v. *Snow,* 187 Mass. 159, 162. *Leavitt* v. *Wintman,* 234 Mass. 248. *Bovarnick* v. *Davis,* 235 Mass. 195. But the record states that the payee transferred the note "for value . . . to a bank in Illinois," and the immediate indorsement on the back of the note is, "Pay the Corn Exchange Natl Bank Chicago, Ill. or order First National Bank 70–768 Milford, Ill. 70–768 G. F. Patterson, Cashier." The indorsement directly following, "Pay to the order of any bank or banker all prior indorsements guaranteed, The Corn Exchange National Bank 2–5 of Chicago, Ill.," and signed by its cashier, is stamped "cancelled," across the stamp. It did not appear in what manner the plaintiff became the holder, even if the payee deposed "that the plaintiff was the legal holder of the note at the time suit was brought," and on the face of the note and the indorsements title apparently remained in the Corn Exchange National Bank. G. L. c. 107, §§ 53, 54. *Folger* v. *Chase,* 18 Pick. 63, 67.

"The court found for the plaintiff on the declaration," which alleges the making and tenor of the note, and that the payee "indorsed the said note in blank," and ".the plaintiff is the holder thereof." By R. L. c. 73, § 65 (see now G. L. c. 107, § 71), "The holder may strike out any indorsement which is not necessary to his title. The indorser whose indorsement is struck out and all indorsers subsequent to him are thereby relieved from liability on the instrument." The right of the plaintiff to omit tracing his title in the declaration through all subsequent indorsers, and to allege that he is the holder under the previous blank indorsement is conferred by the statute. *Leavitt* v. *Wintman,* 234 Mass. 248, 250. *Jerman* v. *Edwards,* 29 App. Cas. (D. C.) 535. The note

therefore would be transferable by delivery and in effect a note payable to bearer. The presumption of title as well as the presumption of value not having been rebutted were sufficient to enable him to maintain the action. *Pettee* v. *Prout,* 3 Gray, 502. *Andrews* v. *Lyons,* 11 Allen, 349, 350. *Massachusetts National Bank* v. *Snow,* 187 Mass. 159, 162, 163. *Merchants National Bank* v. *Marden, Orth & Hastings Co.* 234 Mass. 161, 168. G. L. c. 107, §§ 31, cl. 5, 71, 82. The plaintiff's fourth request, that the bearer of a note indorsed in blank is presumed to be a holder in due course, was properly given. And the question of consideration as between the defendant and the payee being of no consequence the plaintiff's first and second requests accurately stated the law. *Holden* v. *Phœnix Rattan Co.* 168 Mass. 570. *National Bank of Newbury* v. *Wentworth,* 218 Mass. 30. *Goodfellow* v. *Farnham,* 236 Mass. 453, 454. *Bovarnick* v. *Davis,* 235 Mass. 195, 198.

The defendant's requests were rightly denied for reasons sufficiently stated, and the giving of the plaintiff's third request that the "payee of the note . . . is legally entitled to remuneration for services as attorney, if such services are performed, notwithstanding the fact that he is not a member of the bar of Massachusetts, if he is a member of the bar of another State," although inapplicable, was harmless error. See *Brooks* v. *American Association of Masters, Mates & Pilots,* 233 Mass. 168.

The order of the Appellate Division dismissing the report is

*Affirmed.*