Argued October 14, 1927, reversed January 17, rehearing denied March 6, 1928.

## FIRST STATE & SAVINGS BANK *v.* H. J. DENN.

(263 Pac. 71.)

**Bills and Notes—Payee's Negotiation of Note Without Making Agreed Credit Thereon, Reducing Amount, or Informing Purchaser, Held "Fraud" as Respects Burden of Proof (Or. L., § 7847).**

1. Where payee agreed to credit on note received in payment for motor-truck the agreed value of another truck traded in thereon, negotiation of the note without making the agreed credit, or reducing the amount of the note, or informing the purchaser of the agreement, constituted "fraud" within Section 7847, Or. L., providing that the title of a person negotiating an instrument is defective when he negotiates it in breach of faith or under such circumstances as amount to fraud.

**Bills and Notes—Where Maker of Note Produced Evidence Tending to Show Payee's Fraud, Holder Held to have Burden of Proving Himself "Holder in Due Course" (Or. L., §§ 7844, 7847, 7851).**

2. Under Sections 7844, 7847, 7851, Or. L., where the maker of a note produced evidence tending to show that payee negotiated note in breach of faith under circumstances amounting to fraud, holder *held* to have burden of proving himself "holder in due

2. Presumptions and burden of proof in action by purchaser, see note in 17 L. R. A. 326. See, also, 3 R. C. L. 1038.

course"; that is, that note is complete and regular on its face and that he became holder before maturity in good faith and for value, without notice of any infirmity or defect in transferor's title.

**Bills and Notes—Pleading Facts Constituting Fraud in Obtaining and Negotiating Note Held Equivalent to Pleading Fraud (Or. L., § 7847).**

3. In action on note, defendant's pleading of facts constituting fraud on part of payee in obtaining and negotiating note *held* equivalent to pleading fraud within Section 7847, Or. L., making title of person fraudulently negotiating instrument defective.

**Bills and Notes—As Against Purchaser of Note After Maturity, Maker is Entitled to Credit on Note Which Payee Agreed to Make (Or. L., §§ 7844, 7849, 7850).**

4. Under Sections 7844, 7849, 7850, Or. L., where the payee of a note executes a written agreement at the same time the maker executes the note and as part of the same transaction in which he agrees to credit $2,000 on note for truck accepted by him as part payment, and negotiates note after maturity without making agreed credit thereon, maker is entitled to credit as against purchaser of note according to the agreement.

---

Bills and notes, 8 C. J., p. 465, n. 21, p. 717, n. 1, p. 720, n. 17, p. 791, n. 3, p. 931, n. 63, p. 982, n. 23, p. 983, n. 43, 45, p. 984, n. 49, p. 1008, n. 29.
Fraud, 27 C. J., p. 30, n. 76.

From Douglas: James W. Hamilton, Judge.

Department 2.

This is an action to recover from H. J. Denn the balance of $2,000, together with interest thereon from August 30, 1923, alleged to be due on a promissory note executed by H. J. Denn under the name of the Denn Transfer Company on September 28, 1920, in favor of H. Merten, or order, for the sum of $3,800, with interest at the rate of eight per cent per annum from date until paid, payable in monthly installments, of not less than $200 in any one payment, together with interest due on the note at the time of the payment of each installment; the first payment to be made on the twenty-eighth day of September, 1920, and a like payment on the twenty-eighth

day of each month thereafter, until the twenty-eighth day of May, 1921, when the sum of $2,000, the balance due, should be paid. And if any of said installments are not so paid the whole sum of both principal and interest to become immediately due and collectible and for reasonable attorney's fees, which note was indorsed to plaintiff.

The cause was tried before the court and a jury and a verdict rendered in favor of plaintiff. From a resulting judgment defendant appeals.

The defendant alleges the following payments on the note: On or about September 29, 1920, $200 by check and credits, and $2,000 by the trading in and sale of a certain Mack five-ton truck belonging to the defendant and accepted as such payment. And further avers that it was agreed at the time the note was made and delivered that credits should be given on the note therefor. That thereafter payments were made to plaintiff at different dates for the full amount of the balance of the note; that said payments and all of them were due, payable and collectible when the same were so paid; that after the note was transferred to plaintiff, the payee, H. Merten, continued to collect said payments on the note as the agent of the plaintiff, the defendant not knowing the note had been transferred until July 5, 1921, after which payments were made to the plaintiff.

The plaintiff, by its reply, admits the payments on the note, except the $2,000 claimed to be paid by the transfer of the Mack truck, and further avers, in effect, that was on October 1, 1920, the plaintiff in the due and regular course of its business, and in good faith and for a valuable consideration paid to H. Merten, purchased the note; and at that time all installments on said note due prior thereto had been

paid when the same became due, and neither the principal, interest nor any installment of the note was due at that time; and the note was regular upon its face, and alleges in detail facts, to the effect, that the plaintiff was a holder of the note in due course.

It appears from the record that H. J. Denn, the defendant, purchased a Garford truck from H. Merten, an auto dealer, at the price of $3,800. The defendant claims that he traded in a certain five-ton Mack truck on the deal for the sum of $2,000; that Denn gave Merten the note described above, and at the same time and as a part of the same transaction, Merten executed and delivered to Denn the following instrument in writing:

"2,000.00.   Roseburg, Oregon, September 28, 1920.

"On or before May 28, 1921, after date, without grace, I promise to pay to the order of Denn Transfer Co., Roseburg, Or., two thousand no-100 dollars, for value received, with interest from date at the rate of 8 per cent per annum until paid. Principal and interest payable in U. S. Gold Coin, it *to be applied on note given by Denn Transfer Co., of* $3800 *for Garford* 2 *ton truck* and in case suit is instituted to collect this note or any portion thereof, I promise to pay such additional sum as the court may adjudge reasonable as attorney's fees in said suit.

"H. MERTEN."

(Italics ours.)

The defendant asserts these instruments were made and delivered September 28, 1920. The first payment on the note was not made as stipulated but was made on September 29th; that the note by its terms, thereupon became immediately due and payable; that on September 29, 1920, at the time of the first payment, it was agreed that the $2,000 on account of the Mack truck should be then allowed and credited upon the

note. Merten, according to plaintiff's allegations and proof, sold and indorsed the note to plaintiff on October 1, 1920. The bank refused to allow the credit for the $2,000 on account of the Mack truck or the memorandum note quoted above.

REVERSED. REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. Albert Abraham.*

For respondent there was a brief over the name of *Messrs. Rice & Orcutt,* with oral arguments by *Mr. Carl E. Wimberly* and *Mr. Dexter Rice.*

BEAN, J.—The check for the first payment on the note in suit, due September 28, 1920, as the testimony indicated, was dated and ʲelivered to Mr. Merten on May 29, 1920. It will be noticed that about the same time the note in suit was executed, Merten, the payee in the note, executed the above-quoted memorandum note for $2,000, dated September 28, 1920, "to be applied on note given by Denn Transfer Company of $3,800 for Garford two-ton truck," and delivered the same to Denn.

The trial court in charging the jury referred at length to the issues made by the pleadings, and charged the jury, among other things, as follows:

"Now it is claimed by the plaintiff that it bought the note in due course and before it became due and without notice of any defect in the title of the note and for a valuable consideration, and that presents one of the material questions in this case for your consideration and makes it incumbent upon the court to instruct you as to the law governing that phase of the case. * *

"That is a material question as to whether or not the purchaser acquired the note before due. Now if he acquired it after it was due then he would take it with notice,—the law would charge him with notice and the defense of payment could be made out as against him the same as if in the original hands,—the person to whom the note was made. Now that question arises here by these pleadings. The defendant alleges that he paid this note, making certain payments as alleged by him in his answer, and particularly by delivering to the plaintiff a truck for which it is claimed, he was to receive a credit of $2,000.00 on this note. Now that is controverted in this case,—it is claimed that the note was not overdue,—it is claimed that the note was not overdue by the plaintiff and it is necessary now for you to determine that matter as one of the facts in the case, *and it is necessary for the defendant to establish the fact by a preponderance of the evidence* as one of the material matters which he must prove in this case, that the note was overdue at the time of any payment so made by him. Now in relation to that, you have two instruments which are submitted in evidence here in this case. The one upon which this action is brought is for $3800 and it is dated September 28, 1920, and it is admitted in the pleadings in this case that this note was executed and delivered on the 28th day of September, 1920, and it provides as follows: * * "

(Italics ours.)

The court then states the terms of the note in question:

"Now I instruct you as to the law applicable to this case, that this note, the installment became due by the provisions of the note, September 28, 1920, and that by the provisions of the note if not so paid, the amount provided for in the note became immediately due and collectable. Now if it has been established by a preponderance of the evidence that any payment was made and made after this 28th day of September, 1920, by Mr. Denn, the defendant, to Mr. Merten the

payee in the note, that that would be,—such payment would be a good defense in this action as against this plaintiff.''

The court then mentioned the terms of the memorandum note of $2,000 and stated there was some evidence in the case which it was claimed tended to show that there was a completed agreement made whereby Mr. Denn was to receive a credit for this $2,000 on the note in suit, and instructed the jury as follows:

''I instruct you that if, by a preponderance of the evidence, the defendant has proved that there was a credit to be received by him upon this $3800 note by Mr. Merten, whilst the note was yet in his possession, and that it was a transaction which took place after this note became due, why then he would be entitled to have credit upon the note of whatever payments might have been made after the note became due and still in the possession of Merten or before notice of its assignment would be a matter that you would have a right to take into consideration. * *

''The burden of proof to establish the issue that said note was not negotiated until after it matured is upon the defendant, and upon that issue the defendant is required to make the better case, and if the evidence upon that phase of the case is equally balanced, your verdict should be for the plaintiff provided you find the plaintiff is a purchaser in good faith for value.

''There has been some evidence in this case which is claimed tends to show that a five-ton Mack truck was received and accepted by H. Merten on or about September 29th, 1920, as payment for the sum of $2,000 on this note in this action. If you should find such to be the fact and should also find that plaintiff purchased the note in good faith and for a valuable consideration and in the regular course of its business and prior to the maturity of any installment and without notice of any infirmity of the said note, then the ·defendant would not be entitled to any credit on said note for $2,000.''

This last instruction fairly states the proposition, but the effect thereof seems to be narrowed by the next instruction which is as follows:

"If you find that the plaintiff is a *bona fide* purchaser then the defendant would not be entitled to any credit thereon except in such amount as was paid to the holder of said note."

"I instruct you that the note sued upon provides that it shall be paid in installments of not less than $200, the first thereof to be paid on the 28th day of September, 1920, and a like amount on the 28th day of each month thereafter, except that on May 28th, 1921, not less than $2,000 must be paid if so much remains due thereon and the note further provides that in case any one of said installments was not paid at the time specified, the whole note shall become due. I instruct you that if you find that the first installment was not paid until the 29th day of September, 1920, and that by its terms the note had matured, then you cannot find that the plaintiff, which it is admitted purchased the note on October 1st, 1920 was a *bona fide* purchaser before maturity."

"I instruct you that if the first installment was not paid on the note sued on herein until September 29th, 1920, the defendant could have paid provided the holder of the note accepted the same, any amount in excess of the amount of said first installment, and a payment thereof to Merten before he transferred or sold the note would be a valid payment and good as against the plaintiff."

The defendant reserved an exception to several instructions given by the court to the jury, particularly the charge to the effect that the burden of proof to establish the issue that the note was not negotiated until after it matured is upon the defendant, and upon that issue the defendant is required to make the better case.

The Negotiable Instruments Law, Section 7844, Or. L., provides:

"A holder in due course is a holder who has taken the instrument under the following conditions: (1) that it is complete and regular upon its face; (2) that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Section 7849, Or. L., provides:

"A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

Section 7850, Or. L., provides in part thus:

"In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable; * * *"

Section 7851, Or. L., reads thus:

"Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he, or some person under whom he claims, acquired the title as a holder in due course; but the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

Section 7847, Or. L., reads thus:

"The title of a person who negotiates an instrument is defective within the meaning of this act when

he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to fraud."

1, 2. The defendant pleaded and the testimony indicated that the defendant on or about September 29, 1920, traded a Mack truck to Merten, the payee in the note in suit for $2,000, to be credited on the $3,800 note and in part payment for the Garford truck. This transaction occurred on the next day after the note was dated. Denn and his wife testified that Merten then agreed to credit the $2,000 on the note. If this was true, that amount should have been then credited upon the note in order to make the deal honest and fair, or else the note given by defendant for the difference in the two trucks should have been reduced to $1,800. The testimony tended to show that it was all one transfer, trading one truck for another and that Merten perpetrated a fraud upon Denn.

These facts being in evidence, we think it devolved upon the plaintiff to prove that it acquired the title to the note as a holder in due course; that is, that it is complete and regular upon its face; that it became the holder of it before it was overdue; that plaintiff took it in good faith and for value; that at the time it was negotiated to the bank it had no notice of any infirmity in the instrument or defect in the title of Merten, the person negotiating it. The plaintiff by its reply assumed such procedure.

The trial court erred in placing "the burden of proof to establish the issue that said note was not negotiated until after it matured" upon the defendant: Sections 7844, 7851, Or. L.; *Sink* v. *Allen*, 79 Or. 78 (154 Pac. 415); *Everding & Farrell* v. *Toft*, 82 Or.

1–18 (150 Pac. 757, 160 Pac. 1160); *Bank of Jordan Valley* v. *Duncan,* 105 Or. 105 (209 Pac. 149); *Hill* v. *McCrow,* 88 Or. 299, 305 (170 Pac. 306).

The question of whether the note was negotiated to plaintiff before or after its maturity was a material issue and there was a controversy in regard thereto.

The facts pleaded in the answer, which the evidence tended to support, were to the effect that at the time the note was executed Merten gave Denn a written agreement bearing the same date as the note, to apply on the $2,000 note, and interest thereon at eight per cent, the agreed amount for the Mack truck traded and delivered by Denn to Merten. Denn and his wife swore that on September 29, 1920, the day after the note in suit was executed, Merten agreed to credit the $2,000 on the note at that time.

We think these circumstances, if the evidence was believed by the jury, affected the title of Merten to the note, at least to the extent of $2,000. After making the concurrent written agreement to apply the $2,000 on the note if the jury so found, Merten's negotiation of the note to the plaintiff was a breach of faith and under the circumstances amounted to a fraud within the meaning of Section 7847, Or. L. The note could not be negotiated by Merten in good faith without calling attention of the purchaser to the agreement concerning the credit of the Mack truck.

3. It may be claimed that defendant has not pleaded fraud, but he pleaded facts which constitute a fraud on the part of Merten, both in obtaining the instrument and in negotiating the same.

4. The facts in regard to the trading of the Mack truck, as above mentioned, differ from an ordinary payment. Regardless of the oral agreement which defendant claims to have been made with Merten on

September 29, 1920, in relation to the credit of the $2,000 on the note at that time, if Merten gave Denn a written agreement to credit $2,000 for the Mack truck on the note, as a part of the same transaction in connection with the execution of the note, and if the note was not negotiated by Merten to plaintiff until after the maturity thereof, then Denn would be entitled to such credit in the action.

The defendant requested the court to give the jury the following instruction and assigns error in the refusal thereof:

"If you find that the first installment of the note was not paid until September 29th, 1920, (and that the note was overdue when purchased by plaintiff) and should you further find that the instrument which is in evidence marked 'defendant's exhibit B' was executed at the same time the note was and was a part of the same transaction, or that on the 29th day of September, 1920, Merten accepted the Mack truck as a payment on the note to the extent of $2,000.00, your verdict should be for the defendant."

We add to the request that part inclosed in parentheses simply as a suggestion.

We think the defendant was entitled to some such a charge as requested. The defendant requested an instructed verdict in his favor to which he was not entitled.

It follows that the judgment of the Circuit Court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.   REHEARING DENIED.

RAND, C. J., and BELT and BROWN, JJ., concur.