FORBES STATE BANK, Appellant, v. HIGGINS, et al, Respondents.

(237 N. W. 735.)

(File No. 7048. Opinion filed July 17, 1931.)

*Van Slyke & Agor,* of Aberdeen, and *F. J. Graham,* of Ellendale, N. D., for Appellant.

*Fletcher & Fletcher,* of Aberdeen, for Respondents.

ROBERTS, J.  March 1, 1921, L. O. Higgins and C. Reidinger executed and delivered their promissory note for $2,075, complete and regular upon its face, payable to Geo. H. Ladd and Chas. C. Ladd or order.  The complaint alleges that the said payee, before maturity, for value received, indorsed and delivered the note to the Farmers' State Bank of Forbes, N. D., and that at the time of the consolidation of the said Farmers' State Bank and the plaintiff bank the above note became the property of the plaintiff.  Defendants pleaded the defenses that the plaintiff was not a real party in interest and that the indebtedness evidenced by the note was canceled by a judgment foreclosing a land sale contract, and that plaintiff for that reason was estopped from claiming an amount due upon the note.

The plaintiff at the close of the evidence moved the court to direct a verdict for the plaintiff, and a denial of such motion is assigned as error. The appeal is from the judgment rendered on the verdict of the jury in favor of the defendants, and hence the question presented on this appeal is whether or not there was any evidence warranting the submission of issues to the jury. Lyle v. Barnes, 30 S. D. 647, 139 N. W. 338; Woonsocket State Bank v. Parsons, 52 S. D. 534, 219 N. W. 121.

■ In determining this question, we are required to give to the defendants the benefit of the most favorable construction of which the testimony is reasonably susceptible. From the evidence offered by the defendants it appears that they entered into a contract in May, 1920, to purchase a tract of land situate in Dickey county, N. D., from one Robert G. Wright; that defendants at the request of Robert G. Wright executed and delivered the note upon which this action was instituted for $2,075, and received credit for that amount upon the land sale contract; that this note was accepted by the Farmers' State bank as collateral security for the payment of an indebtedness of George H. Ladd and Chas. C. Ladd to the said bank. Defendant Higgins testified: "The farm went back into the hands of Mr. Wright. I lost the land and this note turned up in the Farmers State Bank of Forbes. I had a talk with one of the officers of the Farmers State Bank of Forbes, during the summer of 1923. Before I made the payment of $945.83 I talked with Mr. Bohle and Mr. Mack (officers of the bank). I had more than one talk. They told us that was all the money the Ladds had coming to them on the contract, and the balance went to parties in Iowa, and if we paid that, they would stop all other payments on the note; that they were through with it, and that was all the interest they had in the deal, just the $945. They both told us that more than once. They said they were through with it and if we paid it, they would never bring any action and they did not care what happened to the rest of it." G. J. Bohle, vice president of the plaintiff bank, testified: "I am acquainted with Mr. Higgins and Mr. Reidinger. Have known them since they first came to North Dakota. I drew up the contract for sale of the land by Mr. Wright to them. I know that the contract was afterwards foreclosed. The item of $945.83 credited on this note on the 15th of October, 1923, was paid by Mr.

Higgings and Mr. Reidinger. I told them I wanted that much money. I told them that was all I wanted at this time and I would not press them personally for the rest. I had to tell them something in order to get the payment out of it. In consideration of that payment of $945.83, I told them I personally would bring no further action against them on the note. I made it very plain that I personally would not. I personally had no interest in it. I did not tell them that the bank was not bound by what I said."

The defendants allege in their answer that the note was executed as a part of the purchase price of a tract of land which defendants contracted to purchase; that plaintiff had full knowledge of and consented to the foreclosure of the contract in the district court in and for the county of Dickey, N. D.; and that by said foreclosure the indebtedness evidenced by the note upon which this action was instituted was canceled, and that plaintiff was estopped from claiming an amount due upon the note. There is no evidence in this record in support of such defenses.

There remains the contention that the plaintiff was not the real party in interest. The evidence was contradictory as to whether or not the indebtedness for the payment of which the note involved herein was held as collateral security was fully satisfied. However, on the motion for directed verdict, we have to consider only what the jury reasonably could find. It could reasonably conclude that the indebtedness of the Ladds for which the note was held as collateral security was fully paid, and that the officers of the plaintiff bank represented that the bank was no longer interested in the note.

There is no evidence or contention that this action was instituted without the consent of the payees named in the note, and defendants have presented no defense which would have been available against the payees or other beneficiary. The note was indorsed in blank and was rightfully in the possession of the plaintiff, and under the provisions of the Negotiable Instruments Act (section 1892, Rev. Code 1919) this constituted the plaintiff the holder of the note; hence the plaintiff under the provisions of section 1775, Rev. Code 1919, could sue on the note in its own name though it had no interest in the proceeds. Daniel on Negotiable Instruments (6th Ed.) vol. II, § 1191; Harrison v. Pearcy et al,

174 Ky. 485, 192 S. W. 513; Stocker v. Hardware Co., 101 Okl. 133, 224 P. 302; Bovarnick v. Davis, 235 Mass. 195, 126 N. E. 380.

Evidence that the plaintiff was a nominal party in interest and that the beneficial interest in the note was in another would not constitute a defense to the collection of the note by the plaintiff. Giving the defendants the benefit of the most favorable construction of which the evidence is reasonably susceptible, we must conclude that the evidence did not substantiate a defense to the collection of the note and that the court erred in denying the motion of the plaintiff for a directed verdict.

The judgment appealed from is reversed, and the case remanded with directions to enter judgment for the plaintiff.

POLLEY, P. J., and CAMPBELL, WARREN, and RUDOLPH, JJ., concur.