Submitted on briefs February 3; reversed April 11, 1933

# DEVORE *v.* NORTHERNBANC SECURITIES
## CO. ET AL. ·
(20 P. (2d) 801)

*Robin D. Day,* of Salem, and Roy F. Shields, of Portland, for appellant.

*Allen H. McCurtain* and *Donald E. Long,* both of Portland, for respondent Staver, Soule & Therkelsen, Inc.

ROSSMAN, J.   Prior to March 24, 1931, the plaintiff was the owner of a promissory note secured by a mortgage upon a parcel of real property in Yamhill county. March 24, 1931, she indorsed this note, without restriction, to the Northernbanc Corporation which later became insolvent. August 21, 1931, the Northernbanc Corporation indorsed the note to a corporation entitled Staver, Soule & Therkelsen, Inc., which agreed to take the note, as well as others, as trustee for a group of creditors of the Northernbanc Corporation,

liquidate these securities as promptly as possible, and then distribute the proceeds among the creditors. The trustee obtained no beneficial interest in the notes. August 31, 1931, the plaintiff filed a complaint in the circuit court wherein she charged that the Northernbanc Corporation had induced her by fraudulent representations to transfer the note to it, alleged the insolvency of that corporation, and prayed for a rescission of the transaction. Fifteen days later (September 15, 1931) the assignment of the mortgage from the Northernbanc Corporation to the aforementioned trustee was recorded, and on October 14, 1931, the plaintiff filed an amended complaint which made the trustee a defendant and which repeated the charges of fraud. It further averred:

"That on or about September 15, 1931 there was filed for record in the office of the county clerk of Yamhill County, Oregon, and recorded in volume 79 at page 475 of the mortgage records of that county, a form of assignment from Northernbanc Corporation to Staver, Soule & Therkelsen, Inc., purporting to transfer the note and mortgage herein mentioned, which alleged assignment bears date August 20, 1931, but which, plaintiffs believe and allege, was actually signed about the middle of September, 1931. That at the time of the execution of said purported assignment said Staver, Soule & Therkelsen, Inc. had notice of the facts hereinbefore in this amended complaint alleged and procured said assignment without paying any value therefor and with the understanding that it would hold said note and mortgage in trust for the use and benefit of the defendant Northernbanc Corporation, or such person or corporation as the latter should designate; that all right, title and interest, if any, of said defendants Staver, Soule & Therkelsen, Inc. in and to said note and mortgage are subordinate, inferior and subject to the rights of the plaintiff herein alleged".

The answer of the trustee, after averring that it possessed no knowledge or information sufficient to form a belief as to the truth or falsity of plaintiff's charges which averred that the note had been obtained from her by fraudulent practices, alleged that on August 20, 1931:

"The Northernbanc Corporation, for a valuable consideration, and before maturity, sold, transferred and assigned to this answering defendant notes and mortgages referred to in said amended complaint, and that this answering defendant is the owner and holder thereof as an innocent purchaser for value, and is entitled to all the protection which the law accords to an innocent purchaser for value of commercial paper acquired before maturity; that at the time the said answering defendant received said assignment of mortgage it took the same for a valuable consideration as trustee for unsecured creditors of Northernbanc Corporation, without notice or knowledge of any of the alleged facts as stated in said amended complaint".

The reply denied this allegation.

Upon the trial the plaintiff supplied evidence in substantiation of her charges that fraudulent representations made to her by the Northernbanc Corporation had induced her to transfer the note to that corporation. The defendants offered no evidence to the contrary. The sufficiency of her testimony to support her charges of fraud is not questioned by the respondent, which is Staver, Soule & Therkelsen, Inc., the other two defendants having made no appearance in this court. The respondent likewise concedes that plaintiff's proof of fraud rendered defective the title of the Northernbanc Corporation to the note. The defendants called two witnesses in the circuit court who testified that Staver, Soule & Therkelsen, Inc., ac-

cepted the note as trustee without any knowledge whatever of any defects in the title of the Northernbanc Corporation.

Section 57-405, Oregon Code 1930, provides:

"The title of a person who negotiates an instrument is defective within the meaning of this act when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith or under such circumstances as amount to fraud".

It is evident that the title of the Northernbanc Corporation was defective.

Section 57-409, Oregon Code 1930, provides:

"When it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he, or some person under whom he claims, acquired the title as a holder in due course".

■ For an application of this section of our code see *First State & Savings Bank v. Denn,* 124 Or. 468 (263 P. 71, 57 A. L. R. 1077) ; *Bank of Jordan Valley v. Duncan,* 105 Or. 105 (209 P. 149) ; and *Everding & Farrell v. Toft,* 82 Or. 1 (150 P. 757, 160 P. 1160). It was therefore incumbent upon the respondent, after the plaintiff had impeached the title of the Northernbanc Corporation, to sustain respondent's alleged right to enforce payment with proof that the note was obtained by respondent under circumstances which clothed it with the rights of a holder in due course. Mere proof that Staver, Soule & Therkelsen, Inc., had no knowledge of the fraud practiced upon the plaintiff did not suffice. It had no beneficial interest in the note. The testimony is silent as to whether any or all of the 16 beneficiaries

of the trust had knowledge of the fraud. If all knew of the fraud it is clear that the plaintiff should have relief. The burden of proof rested upon the defendants, and this indispensable proof is completely missing. The rights of a trustee who is seeking to enforce payment of a negotiable instrument are subject to any defenses possessed by the defendant against the beneficiaries of the trust: *Rabb v. Seidel* (Tex.), 218 S. W. 607; *Berenson v. Conant*, 214 Mass. 127 (101 N. E. 60); *Felsenthal v. Hawks*, 50 Minn. 178 (52 N. W. 528); *Farwell v. Tyler*, 5 Iowa 535; *Ogilby v. Wallace*, 2 N. Y. Super. 553, 2 Hall's Rep. 593.

■ It is true that the paragraph of the complaint which we have quoted avers that Staver, Soule & Therkelsen, Inc., had notice of the fraudulent representations which induced the plaintiff to part with possession of the note, and does not charge the beneficiaries of the trust with similar knowledge, but the complaint avers in detail the fraudulent means employed by the Northernbanc Corporation in obtaining possession of the note, and thereby attacks the title of respondent's predecessor. These averments, when substantiated with testimony, impeached the title of the Northernbanc Corporation, and required those who would retain the note to establish their title. The averments of the answer which recited that the trustee took the note before maturity and without notice of fraud were insufficient, for, as we have seen, the trustee's rights were subject to whatever equities the plaintiff possessed against the beneficiaries of the trust. We are, therefore, of the opinion that those who desired to set up rights superior to the plaintiff's have not discharged the burden of proof that the aforementioned sections of our code cast upon them.

No one should assume from anything said in this decision that Staver, Soule & Therkelsen, Inc., were guilty of any wrongdoing whatever. The record does not impute to them any wrongful conduct.

It follows from the foregoing that the plaintiff is entitled to a decree granting her a rescission of the transaction, returning to her the $2,500 note.

RAND, C. J., BEAN, BELT, CAMPBELL, KELLY and BAILEY, JJ., concur.