Bobbins, J.
In this action the plaintiff seeks to recover the balance due on a promissory note alleged to have been made by the defendant payable to the plaintiff. The answer is a general denial, and a denial of signature and demand of proof.
The plaintiff offered the note in evidence together with proof of the signature of the defendant. It also appeared *19 that the plaintiff was in the business of making small loans, but there was no evidence as to whether or not the plaintiff was licensed to conduct the small loans business under G. L. Chap. 140, Sec. 46.
At the close of the plaintiff’s case both parties rested, and the defendant made the following requests for rulings:
1. The evidence warrants a finding for the defendant. 2. There is insufficient evidence to warrant a finding for the plaintiff. 3. Upon all the evidence, if the plaintiff was engaged in the business of making small loans of three hundred dollars or less, and, if the amount to be paid on any such loan for interest and expenses exceeds in the aggregate • an amount equivalent to twelve per cent per annum, the plaintiff is not entitled to recover unless plaintiff proves it was properly licensed to carry on the said business in the town where the business is transacted.
The court denied these requests and found for the plaintiff. The defendant claims that the denial of his requests was error in that in order to recover, the burden was on the plaintiff to prove that it was licensed to conduct the small loans business. The decision in this case depends upon the soundness of this contention by the defendant as to the burden of proof.
The defendant relies on the case of Dapson vs. Daly, 257 Mass. 195. That was a replevin action for the carcass of a deer which was wounded by the plaintiff but killed and held by the defendant. It was held there, that the burden was on the plaintiff to prove that he was a licensed hunter, and that it was not necessary for the defendant to set up in his answer the plaintiff’s illegal conduct in not having a license. The court said that title to the deer was first in the Commonwealth and that unless licensed the plaintiff was not entitled to the rights of a huntsman.
*20 As was said in Conroy vs. Mather, 217 Mass. 91 at 94: “It must be conceded that the decisions upon the principle involved in this question, in the different ways and under the different circumstances in which it has been presented, have not been uniform.” Following this quotation many cases are cited where the question of the burden of proof is variously decided, but it is said that the tendency is toward requiring the defendant to allege and prove the illegal conduct. The decision in Conroy vs. Mather was that a plaintiff travelling upon a highway in an automobile was presumed to be using the highway lawfully, and that the defendant had the burden of pleading and proving any lack of registration of the plaintiff’s automobile. There has since been a long line of decisions to the same effect.
The case at bar is an action on a promissory note and as such the replevin and tort cases above cited have little bearing upon it. It is rather governed by the Negotiable Instruments Law, G. L. Chap. 107. Section 82 of that act says that every holder is deemed prima facie to be a holder in due course. Farber vs. Sackett, 255 Mass. 570. The fact that the plaintiff is the payee of the note does not prevent him from being a holder in due course. Liberty Trust Co. vs. Tilton, 217 Mass. 462; Boston Steel & Iron Co. vs. Steuer, 183 Mass. 140, 145; J. G. Brill Co. vs. Norton & Taunton St. Ry., 189 Mass. 431, 437. “The presumption of title as well as the presumption of value not having been rebutted were sufficient to enable him to maintain the action.” Parker vs. Roberts, 243 Mass. 174 at 177, and cases there cited.
As was said in the case of Leonard vs. Woodard, Mass. A. S. (1940) 395, at the bottom of page 399: “It is in furtherance of the general principle that a negotiable instru *21 ment should be self-proving so far as is reasonably practicable.” We are of the opinion that in an action on a promissory note any defense based on illegal conduct of the plaintiff must be pleaded and proved by the defendant.
Report dismissed.